993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOLO, INC., Plaintiff-Appellant,
v.
WEXCO, INC., Defendant-Appellee.
 No. 92-55016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided May 19, 1993.
 
 Before: HALL, WIGGINS, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Tolo, Inc. ("Tolo") appeals the district court's grant of summary judgment to Wexco, Inc. ("Wexco"). Tolo contends that when it sold certain assets of its Baker-Hydro division to Wexco, Wexco agreed to be liable for all product liability claims which arose after the sale of Tolo assets to Wexco. Wexco contends, however, that it is not liable because: 1) Wexco purchased only the assets of Baker-Hydro and Tolo remains a viable corporation able to satisfy claims; 2) under the express terms of the agreement, Wexco did not assume, and indeed disclaimed, any liability other than certain specified liabilities it expressly assumed, none of which pertain to product liability; 3) under the express terms of the agreement Tolo agreed to indemnify Wexco for all such product liability claims. The district court granted Wexco's motion for summary judgment. Tolo now appeals.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (1988). We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988), and we affirm.
 
 
 4
 * STANDARD OF REVIEW
 
 
 5
 A grant of summary judgment is reviewed de novo. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 629 (9th Cir.1987). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 II
 DISCUSSION
 
 6
 The Agreement between Wexco and Tolo ("Agreement") provides it shall be "construed in accordance with, and governed by, the laws of the State of California." California law therefore controls. Under the traditional rules of successor liability, asset purchasers are not liable as successors for the liabilities of the predecessor corporation unless one of the following four exceptions applies:
 
 
 7
 (1) The purchasing corporation expressly or impliedly agrees to assume the liability; (2) The transaction amounts to a 'de-facto' [sic] consolidation or merger; (3) The purchasing corporation is merely a continuation of the selling corporation; or (4) The transaction was fraudulently entered into in order to escape liability.
 
 
 8
 Louisiana-Pacific Corp. v. Asarco, Inc., 909 F.2d 1260, 1263 (9th Cir.1990); Ray v. Alad Corp., 19 Cal.3d 22, 28, 560 P.2d 3 (1977).
 
 
 9
 California has, however, modified this general rule. In Ray, 19 Cal.3d at 31, the Supreme Court of California added a special exception to the rule governing successor liability. After concluding that none of the traditional exceptions to successor non-liability applied, the court nonetheless justified imposing strict liability on a successor to a manufacturer of defective products, under the specific facts of that case, based on three criteria:
 
 
 10
 (1) the virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading rule, [sic] and (3) the fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being enjoyed by the successor in the continued operation of the business.
 
 
 11
 Id.
 
 
 12
 Because the instant case is factually distinguishable from Ray and does not satisfy the first prong of the Ray test, we hold Wexco is not strictly liable as a successor to Tolo for product liability claims arising out of occurrences after the closing date.
 
 
 13
 In Ray, the manufacturer, Alad I, dissolved its corporate existence, and cooperated with the successor, Alad II, to form a new corporation with the same name. Alad II also employed Alad I's former general manager and principal stockholder as a paid consultant for about six months following the sale. The relationship between Alad I and Alad II has been characterized as an "almost complete overlap of the corporate entities." Becker v. IRM Corp., 38 Cal.3d 454, 484 (1985) (Lucas, J., dissenting).
 
 
 14
 In the instant case, Tolo survives as a separate viable company capable of satisfying judgments against it. The plaintiffs' remedies against the original manufacturer, therefore, have not been destroyed and the first requirement of the Ray exception to successor non-liability cannot be satisfied. Thus, Wexco is not strictly liable as a successor to Tolo for product liability claims arising out of occurrences after the closing date.
 
 
 15
 Tolo contends, under the first exception of the traditional rule of successor liability, that Wexco expressly or impliedly agreed to assume responsibility for product liability claims occurring after the sale. Tolo relies on the language set forth in § 1.03 of the Agreement entitled "Assumption of Certain Liabilities" to argue that the Agreement is silent on the issue of Wexco's liability for occurrences after the closing date. Tolo argues that because § 1.03 of the contract expressly excludes "product liability claims arising out of occurrences prior to the Closing Date " as a liability for which Wexco would be responsible, the court should conclude that the parties impliedly agreed Wexco would be responsible for product liability claims arising after the closing date.
 
 
 16
 California Civil Code § 1638 provides, "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Section 1636 provides that a contract must be interpreted so as to give effect to the mutual intention of the parties as it existed at the time of contracting. Cal.Civ.Code § 1636 (West 1985). Section 1639 provides "when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Id. § 1639. Finally, courts should interpret contracts if possible so as to avoid internal conflict. Brobeck, Phleger & Harrison v. Telex Corp., 602 F.2d 866, 872 (9th Cir.), cert. denied, 444 U.S. 981 (1979).
 
 
 17
 The Agreement expressly excludes all assumption of liability except for those expressly stated in Exhibit 1.03 of the Agreement, none of which are products liability claims. Section 1.03(iv) specifically excludes "product liability claims arising out of occurrences prior to the Closing Date" from liabilities Wexco agreed to assume. Moreover, § 1.03 provides that Wexco will be responsible for:
 
 
 18
 those additional specified current liabilities and obligations incurred by [Tolo], in the ordinary day-to-day course of its business from July 31, 1988 up to but not including the Closing Date ... remaining unpaid at the Closing and properly set forth on its books at that time.
 
 
 19
 As the district court correctly points out, this provision deals only with day-to-day liabilities incurred (such as payables) during a short period of time. Thus, section 1.03 when read as a whole expressly excludes Wexco from liabilities other than the ones enumerated under "Assumed Liabilities."
 
 
 20
 Section 9.01(b) of the Agreement also demonstrates that under the terms of the contract, Wexco did not assume liability for product liability claims against Tolo. Section 9.01(b) provides:
 
 
 21
 [Tolo] hereby indemnifies and agrees to hold [Wexco] harmless from and against and agrees to pay or cause to be paid to [Wexco] all amounts equal to the sum of:
 
 
 22
 * * *
 
 
 23
 (b) Unbooked Liabilities
 
 
 24
 Any and all other claims, or causes of action against, or liabilities of any kind of [Tolo], and/or [Wexco] or its assignee or any of their assets, whether accrued, contingent or otherwise, arising out of or on account of or with respect to any business transaction or matter of or action by or involving [Tolo], occurring or existing at or prior to the closing date, that may be asserted or assessed against or actually paid by [Wexco], or its assignee, as transferee or otherwise, except (i) only those additional current liabilities incurred by it since July 31, 1988 up to but not including the closing in the ordinary day-to-day course of its business and property set forth on its books prior to, closing, and, remaining unpaid at that time, and (ii) ordinary and normal warranty obligations.
 
 
 25
 Thus, § 9.01 is a clear expression of Tolo's obligation to indemnify Wexco for product liability claims. This reading is consistent with section 1.03. Moreover, other courts have read similar provisions to mean the purchaser would not be liable for products liability claims. Ortiz v. South Bend Lathe, 46 Cal.App.3d 842, 846-47 (1975) (when the contract provided purchaser would not assume " 'any liability, debt or obligation of [seller] except those expressly ... assumed under [the] agreement and that [seller] shall continue to be solely responsible for all its other known or unknown liabilities, debts or obligations arising prior or subsequent to the closing,' there was no express or implied agreement to assume liability); Adams v. General Dynamics Corp., 405 F.Supp. 1020, 1022 (N.D.Cal.1975) (Agreement excluding " 'any debts, liabilities or obligations of [seller] of any nature whatsoever other than those expressly assumed by [purchaser]' " held to mean there was no express or implied assumption of liability in the agreement).
 
 
 26
 Finally, while Tolo argues that § 1.03 means that Wexco is liable for product liability claims arising out of occurrences after the closing date, Tolo's former attorney, Judge James Cook, admitted he failed to include such language in the contract. He testified that while negotiating the contract he said he would "draftt the language ... and select the place where it should go." However, he freely admitted, "And I didn't do it." (emphasis added). Later in his deposition, Tolo's former attorney again admitted that the meaning Tolo argues for is not to be found within the express terms of the contract. He explained, "My problem with the agreement is that it does not say in it the purchaser assumes the obligation for products liability claims occurring after the date of closing." The meaning Tolo argues for would constitute an addition to the terms of the contract. However, the contract contains an integration clause, § 12.02, which bars the addition of terms to the contract. Thus, the meaning Tolo argues for is barred by the integration clause.
 
 
 27
 When viewing the contract as a whole, we cannot say that there is a genuine issue of material fact as to whether there was an express or implied agreement for Wexco to assume responsibility for product liability claims occurring after the closing date of the sale. As the district court in its well-reasoned decision correctly concluded, the fact that section 1.03(iv) specifies that no liability is assumed for prior occurrences does not, by negative implication, mean that occurrences after the closing date are assumed liabilities. Thus, the agreement is not susceptible of the meaning contended for by Tolo, and the district court correctly ruled that parol evidence could not be introduced to support Tolo's interpretation of the contract. See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc., 971 F.2d 272, 280 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3581 (1993). Moreover, by Tolo's former counsel's own admission, the meaning Tolo argues for is not within the express terms of the contract. Accordingly, the decision of the district court granting Wexco's motion for summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3